In the Matter of GENEVIEVE STANCO, Respondent, against EUGENE HALPERIN, et al., Constituting the Board of Appeals [Village of Roslyn Harbor], Appellants.— Petitioner owns a parcel of property in the village of Roslyn Harbor, on which her husband has conducted a nursery business since 1942. On March 21, 1950, the property was rezoned to a " Residence C District." An application was thereafter filed for a permit to erect a building on the property to be used in connection with the nursery business. The permit was denied. At the hearing before the board of appeals for a variance to permit the erection of the building, petitioner testified that the building was to be used in connection with her husband's nursery and contracting business. The board of appeals denied the application for the variance on findings that the property is usable for purposes permitted in a residence district, that the erection of the building would alter the essential character of the locality, and that there is insufficient proof of practical difficulties or unnecessary hardship. In an article 78 proceeding to review the

determination of the board, Special Term annulled the determination and directed the issuance of the permit on the ground that the property cannot be profitably improved with one-family dwellings. Order reversed on the law, without costs, and determination of the board of appeals reinstated and confirmed. The evidence before the board is sufficient to warrant the denial of the variance. Assuming that the property cannot be profitably improved with one-family dwellings, the proof is insufficient to show that the property is not usable for any of the purposes permitted in a "Residence C District." One of the purposes permitted in such district is "Nursery (horticultural) provided that no buildings or structures shall be erected on the lot other than a single family dwelling, its accessory buildings or structures." Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.